Affirmed and Majority and Dissenting Opinions filed March 24, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00107-CR

___________________

 

Jimmy FERRELL Cummings,
Appellant

 

V.

 

State of Texas, Appellee



 



 

On
Appeal from the 228th District Court

Harris County,
Texas



Trial Court Cause No. 1178740

 



 

 

DISSENTING OPINION

            The majority has concluded there was no egregious
error in appellant’s jury charge.  I write separately today because I believe
there was error in the jury charge and would reverse and remand this case for a
new trial.  

I.                  
The Trial Court Erred By Not Sua Sponte Issuing a Jury
Instruction Under Section 38.23 of the Texas Code of Criminal Procedure.

Appellant argues the trial court had a duty to sua
sponte issue a jury instruction that evidence obtained in contravention of
the U.S. or Texas constitutions may not be used against a defendant.  His
belief in the responsibility of the trial court is predicated on his contention
there was a material factual dispute about whether Officer Cruz had reasonable
suspicion to detain appellant.  

A.     Standard
of Review

We evaluate jury charge error under the Almanza v.
State standard.  686 S.W.2d 157, 171 (Tex. Crim. App. 1984). We first
determine whether error exists in the jury charge.  Hutch v. State, 922
S.W. 166, 171 (Tex. Crim. App. 1996).  If there is harm, we must then determine
what sort of harm exists.  Almanza, 686 S.W.2d at 171.  If error was
preserved, we must reverse if we conclude “some harm” occurred.  Id.  If
error was not preserved, we reverse only if the defendant suffered “egregious
harm.”  Id.

B.      Did
the Trial Court Err by Not Issuing a Section 38.23 Jury Instruction?

There are three requirements necessary to receive a
jury charge under Article 38.23: (1) the evidence heard by the jury must raise
an issue of fact; (2) the evidence on that fact must be affirmatively
contested; and (3) that contested factual issue must be material to the
lawfulness of the challenged conduct in obtaining the evidence.  Madden v.
State, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007).  

Officer Cruz testified he witnessed appellant urinating
in public.  Public urination is a crime, so if the facts are the way Officer
Cruz described, he had lawful authority to detain appellant.  Tex. Penal Code
42.01(a)(10) (West 2010).  See, e.g., Terry v. Ohio, 392 U.S. 1, 20-22
(1968) (permitting an officer to detain a suspect based upon reasonable
suspicion a person is, has been, or will quickly be engaged in criminal
activity); Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).   


Appellant, meanwhile, contends that due to his
maneuvering within the passenger compartment of his truck, it was not possible
for anyone to see him urinate.  Appellant testified that after he had finished
urinating, he resumed driving, stopping at a stop sign.  At this point,
appellant asserts his first encounter with Officer Cruz was when Officer Cruz
approached on foot and asked appellant, “What are you doing?”  Officer Cruz did
not testify that he had any reason to stop appellant other than the alleged public
urination.  Thus, appellant has raised and contested a factual issue by
presenting a different version of events from Officer Cruz, satisfying the
first two requirements to receive a 38.23 jury charge.  Madden, 242
S.W.3d at 510.  

The majority states that even under appellant’s
version of events, Officer Cruz would still have seen appellant driving away
from the place where he committed the offense.  That alone would be sufficient,
the majority contends, to give Officer Cruz reasonable suspicion to stop the
appellant.  While that may be true, Officer Cruz never made any statement about
seeing the place where appellant’s offense occurred.  To possess reasonable
suspicion, the officer must be “able to point to specific, articulable facts
that, taken together with rational inferences from those facts, reasonably
warrant the detention.”  State v. Lopez, 148 S.W.3d 586, 589 (Tex.
App.—Fort Worth 2004, pet. ref’d).  Under the record presented, Officer Cruz
did not have a specific, articulable reason for stopping appellant if he did
not see appellant urinate.

The third prong of the requirement to receive a
section 38.23 instruction is whether the factual issue is material to the
lawfulness of the conduct challenged.  Madden, 242 S.W.3d at 510.  To
determine this, we must assess whether Officer Cruz’s alleged actions are a seizure
under the Fourth Amendment.  A police officer may ask questions of citizens
without implicating the Fourth Amendment if the contact is consensual and a
reasonable person would feel free to determine for himself whether to engage or
ignore the officer.  Florida v. Bostick, 501 U.S. 429, 434 (1991); Hunter
v. State, 955 S.W.2d 102, 104 (Tex. Crim. App. 1997).  A Fourth Amendment
seizure occurs when the encounter is no longer consensual — when a reasonable
person would not feel free to disregard the officer.  Florida v. Bostick,
501 U.S. at 434; Hunter,  955 S.W.2d at 104.  We examine the totality of
the circumstances to determine whether a reasonable person would have felt free
to disregard the officer and continue with his business.  Florida v.
Bostick, 501 U.S. at 437; Hunter 955 S.W.2d at 104.

Assuming appellant’s version of events is true, appellant
saw Officer Cruz’s patrol car on the street.  He went around the patrol car and
was stopped at a stop sign when a uniformed officer walked up to the driver’s
side door of his truck and asked, “What are you doing?”  Drivers are instructed
to obey police while in traffic, so a police officer approaching a car at a
stop sign does signal a law enforcement show of authority that a normal citizen
would not provoke.  See Tex. Transp. Code Ann. 544.004 (West 2010) (stating
that a driver must comply with traffic signals unless “otherwise directed by a
traffic or police officer.”)  I conclude a reasonable person in appellant’s
position, under the totality of the circumstances, would not have felt free to
disregard Officer Cruz.  Thus, Officer Cruz required reasonable suspicion or
probable cause to pursue contact with the appellant.

Officer Cruz testified that appellant smelled of
alcohol, had bloodshot eyes, and slurred his speech.  However, Officer Cruz did
not testify he knew any of this before engaging in a conversation with the
appellant.  Thus, if Officer Cruz did not see the alleged public urination,
Officer Cruz did not have reasonable suspicion to detain appellant because the
conversation began after the seizure had occurred.  If Officer Cruz did not
have reasonable suspicion to stop appellant, then all other evidence of the DWI
was illegally obtained.   See Ford, 158 S.W.3d at 493–94 (concluding a
motion to suppress evidence of marijuana use should have been granted because
the police officer did not have reasonable suspicion to stop the defendant’s
car).  The lawfulness of Officer Cruz’s stop is material to the lawfulness of
the collection of the DWI evidence.  

As a result, I am convinced appellant has met the
three conditions necessary to receive a section 38.23 jury instruction.  For
that reason, I respectfully dissent from the majority because I conclude the
trial court committed error by failing to sua sponte provide the jury
instruction.   Madden v. State, 242 S.W.3d at 510.

C.     Did the
Failure of the Trial Court to Issue the Section 38.23 Result in Egregious Harm
to the Appellant?

We determine harm based on the entire jury charge,
the state of the evidence, counsel’s arguments, and any other relevant
information in the record. Olivas v. State, 202 S.W.3d 137, 146 (Tex.
Crim. App. 2006).  Egregious harm to a defendant occurs when one of three
conditions are met:  (1) the error affects the very basis of the case; (2)
deprives the defendant of a valuable right; or (3) vitally affects a defensive
theory.  Id.

1.       Was
there Harm to Appellant?

After examining the jury charge, I conclude there was
no instruction to the jury regarding a possible violation of appellant’s right
to be free of illegal searches and seizures, or what the jury should do if they
believed appellant was unlawfully detained.  See U.S. Const. amend. IV. Instead, the
instructions inform the jury appellant should be found guilty if the evidence
shows beyond a reasonable doubt that appellant “operate[d] a motor vehicle in a
public place while intoxicated.”  All evidence of DWI, however, was obtained
after the point of an alleged illegal search and seizure by Officer Cruz.  I
also note neither party nor the trial court chose to raise any fourth amendment
concerns at trial, so there was nothing for the jury to consider.  

As a result, the jury could have believed the search
was improper but were not instructed what to do in that event.  Jurors were
only instructed that if they believed the evidence, which appellant now
contends was illegally obtained, showed appellant was driving while
intoxicated, they should convict.  We conclude this lack of instruction did
harm appellant.

2.       Was
the Harm Egregious?

Conviction on the basis of illegally obtained
evidence deprives appellant of a valuable right.  See Olivas, 202 S.W.3d
at 146.  Specifically, appellant has the right to be free of searches and
seizures that occur without law enforcement having either reasonable suspicion
or probable cause.  See U.S. Const.
amend. IV; Tex. Code Crim. Proc. Art. 38.23(a).  I believe appellant has met
all three prongs of the Madden test for requiring a 38.23 jury charge
instruction, and a possible illegal search and seizure deprives appellant of a
valuable and constitutionally protected right.  Thus, I conclude the failure of
the trial court to sua sponte provide a jury instruction requiring the
jury to find the appellant not guilty if it concluded that the evidence of the
DWI was illegally obtained is egregious error.  I would reverse and remand the
case for a new trial for the reasons stated above.

I would reverse and remand the case based upon the
jury charge error point.  As a result, I express no opinions about appellant’s
claims of ineffective assistance of trial counsel.  See Tex. R. App. P.
47.1.

                                                                        

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Frost, and Brown. (Frost, J., Majority.)

Publish
— Tex. R. App. P. 47.2(b).